IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTOINE SANGSTER, K60255, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NURSE NICOLE, )<br>LT. BENNETT, )<br>CHANDLER, )<br>BRENDEN GARCIA, )<br>QUINNTON BENT, )<br>WARDEN OF MENARD, )<br>)<br>Defendants. ) | Case No. 23-cv-2581-MAB |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Antoine Sangster, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff has been allowed to proceed on claims related to the medical care he received after an assault, as well as the conditions of confinement he experienced in a segregation cell following the assault. Plaintiff has now filed a Motion for a Preliminary Injunction or Temporary Restraining Order, seeking a variety of different forms of injunctive relief. (Doc. 36). The case was referred to United States Magistrate Judge Mark A. Beatty for initial handling by the terms of the Memorandum of Understanding between the Court and the Illinois Attorney General's Office memorialized at

Administrative Order 259. However, the scope of consent under the Administrative Order is limited, and two defendants have yet to appear by counsel or to file their consent to the undersigned's full jurisdiction over this matter, so the Motion for a Preliminary Injunction has been referred back to the undersigned for immediate handling.

## BACKGROUND AND THE MOTION

Plaintiff alleged that he was assaulted on April 11, 2023, at Menard. At the healthcare unit, Nurse Nicole and an internal affairs officer documented his wounds with photographs. (Doc. 10 at 7). Despite seeing his wounds, Nurse Nicole only gave him a band aid and told an officer he was good to go. Plaintiff felt dizzy after the attack and he was concerned he had a concussion, but when he informed staff who passed by his cell of his concerns, no one did anything. (Doc. 10 at 8).

Plaintiff was taken to the North 2 restrictive housing unit where he was placed in a cell without soap, towels, sheets, blankets, pillows, or any other essential items. (Doc. 10 at 7). He was left in this state for 28 days. Throughout the day on April 11, 2023, Plaintiff informed Lieutenant Bennet, C/O Bennet, Officer Chandler, and Officer Garcia about his lack of any essential supplies, but they did not provide any assistance. (Doc. 10 at 8-9). He also informed them that he needed medical treatment to no avail. Plaintiff made mention of other medical issues in his complaint, but none of those allegations were deemed sufficiently pled to proceed.

Based on the allegations in the Amended Complaint, read in conjunction with the additional allegations in the Motion to Amend (Doc. 9), the Court allowed Plaintiff to proceed on the following counts:

> **Claim 2:** Eighth Amendment deliberate indifference to medical needs claim against Nurse Nicole for only giving Plaintiff a band aid for his stab wounds on April 11, 2023;
>
> **Claim 3:** Eighth Amendment deliberate indifference claim against Defendants Lt. Bennet, C/O Bennet, C/O Chandler, and C/O Garcia for refusing to get Plaintiff medical care or basic necessities in his segregation cell on April 11, 2023.

(Doc. 11).

In the Motion for a Preliminary Injunction, Plaintiff alleges that in November of 2023 he was housed in a low aggression level gallery. However, in February or March of 2024, he believes that Defendant Lt. Bennett was served with a notice of this lawsuit. (Doc. 36 at 2). At that time, Plaintiff alleges that his mail stopped being delivered or sent to him. He claims that on March 11, 2024, Lt. Bennett had him relocated from the low aggression cell house to the East cellhouse, which is a high aggression cellhouse that he describes as volatile and violent. Plaintiff claims this is the same type of environment where he was violently stabbed. He claims the East cellhouse has frequent violence against staff and inmates, and that amenities such as phone, commissary and yard are rare. There are frequent shakedowns, which result in "bogus" disciplinary reports and staff-on-inmate assaults. Plaintiff further alleges that "cohorts and sympathizers of the perpetrators that violently stabbed" him are housed in the East cellhouse, which causes him to fear for his safety.

Additionally, Plaintiff alleges that on March 21, 2024, he saw Defendant Brandt (Nurse Nicole), who lied about renewing his prescription medications. He claims he has

been without his pain medication for three to four months at a time. He claims Defendant Brandt is "blocking" a PRN and sick call to address his medication, and that her actions are done out of retaliation.

Plaintiff further claims that from April 5 to 12, 2024, he stopped receiving emails from his family, and when contact was restored, he learned they also did not receive many emails from him. He characterizes this email outage as a form of psychological retaliation on behalf of Menard.

On April 13, 2024, Plaintiff encountered Griffen, a dietary supervisor. (Doc. 36 at 3). Griffen told him that he was on a list of inmates who did not violate disciplinary regulations but who would not be given employment. On April 15, 2024, correctional officer Pratt informed him that "they got it out for you." When he inquired further, Pratt said "they" were the higher-ups.

Plaintiff alleges that based on Pratt and Griffen's statements, and his recent experiences at Menard, he believes he is being subject to an ongoing course of retaliation at Menard. He indicates that he is at risk of an impending assault, he is being denied medical care, he has been improperly reassigned to a housing placement in a 'disciplinary' setting, and he believes officials may turn a blind eye to another assault. (Doc. 36 at 3). He further alleges that Defendant Brandt is contributing to the retaliation by refusing him medication or sick call.

Plaintiff seeks an order that he be examined, that he receive adequate medical care, and that he be placed in another facility for his personal safety. (Doc. 36 at 3). In support

of the Motion, Plaintiff submitted an affidavit of a fellow inmate who averred that he overheard Pratt telling Plaintiff that higher-ups had it out for him.

## ANALYSIS

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief. Irreparable harm is harm which cannot be repaired. *Graham v. Med. Mut. Of Ohio*, 130 F.3d 293, 296 (7th Cir. 1998) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it."). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays*, 974 F.3d at 818. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be

"narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Injunctive relief must be related to issues in the underlying lawsuit. *See e.g., Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019).

Here, Plaintiff's Motion for a Preliminary Injunction (Doc. 36) may not proceed because regardless of the potential merit of his underlying claims or the likelihood of irreparable harm from the incidents he now describes, the injunctive relief he seeks is not related to the underlying claims. True, he has a claim against Defendant Nurse Nicole Brandt related to medical care, and he alleges she is still interfering with medical care, but the claim against Brandt that has been allowed to proceed is about medical care on a single occasion after an alleged stabbing by a fellow inmate. By contrast, Plaintiff made allegations in his Amended Complaint about other medical issues, but the Court did not allow him to proceed on any such additional theory, because the allegations were ambiguous and were not associated with named Defendants. *See* (Doc. 11 at 5-6). And Plaintiff's allegations in the present Motion concern access to pain medication, which do not have an apparent tie to a stab wound that occurred more than a year ago. As such, Plaintiff does not have a valid claim related to the medical care he now seeks, so the Court cannot grant any injunctive relief related to the medical issues he describes.

As for the other issues he describes, including his placement in an allegedly dangerous housing unit, ongoing retaliation, and the possibility of another assault, Plaintiff also was not allowed to proceed on any claims that are directly related to these allegations. In fact, he was only allowed to proceed against Nurse Nicole Brandt for

treatment of his stab wounds, and against Defendants Lt. Bennet, C/O Chandler, C/O Garcia and C/O Bent for their denial of medical care or basic necessities in his segregation cell in April of 2023. Given the limited scope of the operative claims, and Plaintiff's placement in an entirely different housing location, with different issues, it is not appropriate for the Court to provide any form of injunctive relief at present because the relief sought is not related to the operative claims. If Plaintiff believes that he now has new claims that are either related or unrelated to the claims in this lawsuit, he must first successfully incorporate these claims into a valid complaint before seeking injunctive relief.

## DISPOSITION

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion for a Preliminary Injunction (Doc. 36) is **DENIED** without prejudice because it seeks relief unrelated to the underlying claims or that exceeds the scope of those claims.

**IT IS SO ORDERED.**

DATED: May 2, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge