IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTOINE SANGSTER,                              )
                                               )
                    Plaintiff,                 )
                                               )
vs.                                            )     Case No. 3:23-CV-2581-MAB
                                               )
NICOLE BRAND, et al.,                          )
                                               )
                    Defendants.                )

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff's motion to reconsider the Order denying his request for a temporary restraining order/preliminary injunction (Doc. 55). Plaintiff also refiled his earlier motion for a temporary restraining order/preliminary injunction (Doc. 56; *see also* Doc. 36; Doc. 42). The Court finds this duplicative filing is moot but will consider its contents as a sworn affidavit in support of Plaintiff's motion to reconsider. Also before the Court is Plaintiff's motion for reconsideration of his motion for counsel (Doc. 58), and Defendants' motion to withdraw the affirmative defense of failure to exhaust administrative remedies (Doc. 59).

## BACKGROUND

In this case, Plaintiff is proceeding on an Eighth Amendment deliberate indifference claim against Defendant Nicole Brand stemming from the medical treatment she provided him on April 11, 2023, after he was assaulted and stabbed by another inmate (Doc. 11). He is also proceeding on an Eighth Amendment deliberate indifference claim

against Defendants Andrew Bennett, James Chandler, Brendan Garcia, and Quinnton Bent based on the conditions of confinement he experienced in a segregation cell following the assault (Doc. 11).

Plaintiff previously filed a motion for a temporary restraining order/preliminary injunction on April 19, 2024, claiming that after he filed this lawsuit, Defendants Brand and Bennett and perhaps other staff at Menard began retaliating against him (Doc. 42; *see also* Doc. 36). In particular, he claimed that his mail and email stopped coming in and going out; Lt. Bennett had him moved from a low aggression cell house to the volatile and violent East cellhouse, where people he feared were housed, amongst other things; and Nurse Brand started blocking his ability to receive his pain medication (Doc. 42, pp. 3–4). Plaintiff sought an order that he be examined and receive adequate medical care and that he be placed in another facility for his personal safety (Doc. 42, pp. 4–5). Plaintiff's motion was denied, however, because the injunctive relief he sought was unrelated to his underlying claims, which are very limited in scope (Doc. 42, pp. 6–7). Plaintiff was told that "[i]f [he] believes that he now has new claims that are either related or unrelated to the claims in this lawsuit, he must first successfully incorporate these claims into a valid complaint before seeking injunctive relief." (Doc. 42, p. 7).

In his current motion, Plaintiff claims that shortly after his first motion for a temporary restraining order/preliminary injunction was denied, he was harassed by Intel at Menard and put in segregation for 30 days (Doc. 55, p. 1). When he was released from segregation on June 13, 2024, he was put back in the East cellhouse (*Id.*). Intel then switched his cell on June 20, 2024, "for no reason," and a week later while on the yard he

was "knocked out and beat" (*Id*.). He asserts that his right cheek bone was crushed, he was left completely blind in his right eye and vision in his left eye is blurry, and his "concious [sic] is limited as well as [his] ability to focus or stand and walk" (*Id*. at pp. 1–2). Plaintiff also indicates that he was transferred to Lawrence Correctional Center (Doc. 55, p. 2), and he asks the Court to appoint him counsel because "it is impossible for [him] to proceed pro se" due to his impaired vision (*Id*.).

## DISCUSSION

### A.  PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF

The Court has inherent power to reconsider interlocutory orders at any time prior to the entry of final judgment. *E.g., Marconi Wireless T. Co. of Am. v. United States*, 320 U.S. 1, 47–48 (1943); *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018); FED. R. CIV. P. 54(b). That being said, reconsideration of an interlocutory order is only appropriate when a court has misunderstood a party, made a decision outside the adversarial issues presented to the court by the parties, made an error not of reasoning but of apprehension, or where a significant change in the law or the facts has occurred since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). *See also Entm't USA, Inc. v. Moorehead Commc'ns, Inc.*, 897 F.3d 786, 795 (7th Cir. 2018) ("[M]otions to reconsider exist to spare parties and courts unnecessary appeals.")

Here, Plaintiff has not provided the Court with a convincing reason to reconsider the denial of his motion for a temporary restraining order/preliminary injunction. While it is lamentable that Plaintiff was the victim of what has been described as a very violent attack, the Court remains unable to grant him the injunctive relief he seeks because it is

based on conduct unrelated to the claims in this lawsuit (*see* Doc. 42). As the Court previously instructed, before Plaintiff can seek to enjoin prison officials from continuing their supposed retaliatory conduct, he must first amend his complaint and assert new claims that encompass that retaliatory conduct (Doc. 42, p. 7).

Furthermore, Plaintiff indicates that his address has changed to Lawrence Correctional Center (Doc. 55, p. 2). That means Plaintiff's request for a temporary restraining order/preliminary injunction to protect him from the retaliatory conduct of staff at Menard is now moot because he was transferred out of Menard and he does not in any way suggest that he faces a realistic possibility that the prison's transfer decision will be revoked or that he will be returned to Menard. *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."); *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless "he can demonstrate that he is likely to be retransferred.").

## B.  DEFENDANTS' MOTION TO WITHDRAW AFFIRMATIVE DEFENSE

Defendants' motion is granted and the affirmative defense of exhaustion of administrative remedies is withdrawn as to all Defendants. The stay on discovery on the merits of Plaintiff's claims (see Doc. 54) is lifted, and the parties can proceed with discovery. A new schedule will be entered by separate order.

### C.  PLAINTIFF'S MOTION FOR COUNSEL

The Court previously determined that Plaintiff made reasonable attempts to secure counsel on his own (Doc. 8, p. 10). The question now is "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019); *see also Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). The Court finds the answer to that question is yes given Plaintiff's current physical condition. He said that as a result of being attacked in June 2024, he is blind in his right eye, has limited vision in his left eye, and has lingering effects of the head trauma he suffered. The Court also notes that Plaintiff is no longer housed at the facility where the incidents occurred (Menard), which could make it more difficult for him to effectively litigate the case. *See McCaa v. Hamilton*, 893 F.3d 1027, 1033 (7th Cir. 2018); *Santiago v. Walls*, 599 F.3d 749, 762–63 (7th Cir. 2010); *Tucker v. Randall,* 948 F.2d 388, 391 (7th Cir. 1991). Accordingly, an attorney will be recruited to represent Plaintiff in a separate order. After Plaintiff's recruited counsel has entered his/her appearance and had time to familiarize himself/herself with the case, the Court will hold a status hearing. At the hearing, the Court will discuss with counsel, amongst other things, the schedule in this case.

### CONCLUSION

Plaintiff's motion for a temporary restraining order/preliminary injunction (Doc. 56) is **MOOT.** Plaintiff's motion to reconsider the previous Order denying his request for a temporary restraining order/preliminary injunction (Doc. 55) is **DENIED.**

Defendants' motion to withdraw the affirmative defense of failure to exhaust administrative remedies (Doc. 59) is **GRANTED.** The stay on discovery on the merits of Plaintiff's claims (see Doc. 54) is lifted, and the parties can proceed with discovery. A new schedule will be entered by separate order.

Plaintiff's motion for reconsideration of the denial of his motion for counsel (Doc. 58) is **GRANTED**. Counsel will be recruited in a separate order.


**IT IS SO ORDERED.**

**DATED: October 10, 2024**

**s/ Mark A. Beatty**
**MARK A. BEATTY**
**United States Magistrate Judge**